978 F.2d 1199
 Lew S. McGINNIS, Debtor-in-possession of the Bankruptcy
Estate of Lew S. McGinnis; Michael R. Mastro;
John F. Sherwood, Plaintiffs-Appellants,
v.
Gary GUSTAFSON; Trott, Kunstle & Hughes, Defendants-Appellees.
 No. 92-1015.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 3, 1992.
 
 Appeal* from the United States District Court for the District of Colorado; Zita I. Weinshienk, Judge.
 Thomas J. Helms, of Miller & McCarren, P.C., Denver, Colo., for plaintiffs-appellants.
 Colin C. Campbell, of Wood, Ris & Hames, P.C., Denver, Colo., for defendants-appellees.
 Before McKAY, Chief Judge, and BARRETT, Circuit Judge, and BRIMMER,** District Judge.
 McKAY, Chief Judge.
 
 
 1
 Plaintiffs brought this diversity action for breach of contract and professional negligence to recover damages allegedly incurred when a default judgment was entered against them in a state interpleader action after counsel, i.e., Defendants, failed to file a timely answer to a cross-claim asserted therein. They now appeal from a district court order granting Defendants' Motion for Summary Judgment and dismissing the case.[1]
 
 
 2
 Defendants argued in the district court that, as a matter of law, Plaintiffs could not have prevailed in the interpleader proceeding and, therefore, the default judgment Defendants' professional nonfeasance brought upon Plaintiffs did not proximately cause any damages cognizable under state (Colorado) law. App. at 14 (Defendants' Motion for Summary Judgment); id. at 16-28 (Brief in Support of Motion). In response, Plaintiffs did not challenge Defendants' unfavorable characterization of their litigation position in the interpleader action, but instead maintained that Colorado law would recognize and permit recovery of damages--for loss of a potential settlement, for example--notwithstanding the intrinsic futility of their defaulted case. Id. at 52-67 (Plaintiff's Response to Motion). Finally, in reply, Defendants reasserted their original argument, but also contended alternatively that, even if Colorado law would not absolutely prohibit recovery of damages in such "lost cause" legal malpractice cases, the damages sought in this particular action lacked evidentiary support and were too speculative. Id. at 119-20 (Defendants' Reply Brief in Support of Motion).
 
 
 3
 The district court heard oral argument, and then issued its conclusions of law from the bench. Shortly thereafter, it entered a written Judgment of Dismissal, which referred to, but did not recite or otherwise indicate the specific content of, the underlying legal analysis delivered at the hearing. App. at 131. Despite this, no transcript of the hearing has ever been ordered, much less submitted to this court for proper review. We are therefore left to speculate regarding the precise nature of the district court's reasoning. Indeed, we do not even know whether the district court ruled for Defendants based on their broad argument regarding the legal impossibility of proximately caused damages in "lost cause" legal malpractice cases, or their more narrow argument regarding the evidentiary insufficiency of the damage claims asserted by Plaintiffs under the particular circumstances of this case.[2]
 
 
 4
 "Every appellant's appendix must include ... the district court's (or bankruptcy court's or magistrate's) pertinent written findings and conclusions, opinions, or orders, and, if the findings and conclusions were stated orally, the appendix must include a copy of the transcript pages reproducing those findings and conclusions [.]" Tenth Circuit General Order filed October 25, 1990, at 6 (amending 10th Cir.R. 10.1.5) (emphasis added); see also 10th Cir.R. 28.2(f) ("Appellant shall attach to each copy of the appellant's brief a copy of the judgment or order to be reviewed and any pertinent written findings, conclusions, opinions or orders, or, if oral, transcripts.") (emphasis added). As this case illustrates, failure to file the required transcript involves more than noncompliance with some useful but nonessential procedural admonition of primarily administrative focus. It raises an effective barrier to informed, substantive appellate review. Accordingly, this court has held on a number of occasions and in a variety of settings that the lack of a required transcript leaves us with no alternative but to affirm the affected ruling. See, e.g., Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979 (10th Cir.1992) (citing numerous cases); McEwen v. City of Norman, 926 F.2d 1539, 1550 (10th Cir.1991). Adhering to this body of precedent, we once again reaffirm the importance and mandatory nature of this court's rules governing the provision and use of transcripts.
 
 
 5
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 Because the docket sheet indicates that Defendants filed an "Answer and Counterclaim" in this case, and the district court expressly addressed and disposed of only Plaintiffs' claims, the clerk of this court ordered the parties to submit memoranda explaining the basis for appellate jurisdiction. See Federal Sav. & Loan Ins. Corp. v. Huff, 851 F.2d 316, 317-21 (10th Cir.1988) (order granting defendants' motion to dismiss action not final for purposes of appeal where outstanding counterclaims and cross-claims not explicitly included in disposition). Upon receipt of these materials, the clerk referred this jurisdictional matter to the panel assigned to resolve the appeal on the merits. Since the parties' memoranda demonstrate that Defendants never asserted a counterclaim, but merely misnamed their Answer, we now expressly acknowledge our jurisdiction to hear this appeal
 
 
 [2]
 In this regard, we consider it significant, though not necessary to our decision under the authorities cited infra above, that Plaintiffs' statement of the case provides us with only a loose characterization of the district court's dispositive analysis--as "largely adopting" Defendants' first argument. Appellants' Corrected Opening Brief at 9