25 F.3d 1056
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Elsie Elizabeth CONDICT, Plaintiff-Appellant,
v.
James T. DINNEEN and Ernest W. Halle, Defendants-Appellees.
Win CONDICT and Elsie Elizabeth Condict, Plaintiffs-Appellants,
v.
Alden Revelle CONDICT; John A. MacPherson, of MacPherson
Law Offices; Karen K. Condict; Stephen H. Kline, of Kline
& Jenkins; W.J. Nicholas (retired judge); James W. Hearne,
of McGladrey & Pullen, Defendants-Appellees.
 Nos. 93-8115, 93-8116.
 United States Court of Appeals, Tenth Circuit.
 June 2, 1994.
 
 1
 Before ANDERSON and KELLY, Circuit Judges, and BELOT,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 3
 These two appeals arise out of the same October 12, 1993 hearing. The district court granted motions to dismiss filed by the various defendants named in two related civil rights actions brought by plaintiffs. The court also denied plaintiffs' motions for entry of default judgment and recusal. Judgment in each case was subsequently recorded on a separate document pursuant to Fed.R.Civ.P. 58 and entered on the docket pursuant to Fed.R.Civ.P. 79(a).
 
 
 4
 In keeping with the dictates of Rule 58, the judgments in these cases do not contain any legal analysis. See Kline v. Department of Health & Human Servs., 927 F.2d 522, 523-24 (10th Cir.1991); United States v. City of Kansas City, 761 F.2d 605, 606 (10th Cir.1985). Rather, they recite that the district court announced the rationale for its rulings in open court at the October 12, 1993 hearing. Under such circumstances, our rules require the appellant to order a transcript of the hearing and include a copy of the challenged bench rulings in the appellate record, so that the court of appeals knows precisely what it is called upon to review. See 10th Cir. R. 10.1.1, 10.1.2, 10.3.1(c), 28.2(e); see also Fed.R.App.P. 10(b), 11(a).
 
 
 5
 Although the clerk's designation-of-record form specifically details the appellant's duty in this regard, plaintiffs did not even request that the necessary transcript be prepared, much less include a copy in our record. "[T]his court has held on a number of occasions and in a variety of settings that the lack of a required transcript leaves us with no alternative but to affirm the affected ruling." McGinnis v. Gustafson, 978 F.2d 1199, 1201 (10th Cir.1992). Given "the importance and mandatory nature of this court's rules governing the provision and use of transcripts," id., we see no reason to exempt plaintiffs from their straightforward operation. See Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir.1994)(citing several cases for principle that pro se parties must comply with same procedural rules that govern all other litigants).
 
 
 6
 The judgments of the United States District Court for the District of Wyoming are AFFIRMED. Appellees' requests for sanctions are denied. The mandate shall issue forthwith.
 
 
 
 **
 Honorable Monti L. Belot, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470