25 F.3d 1055
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Fred Andrew ANDERSON, III, Plaintiff-Appellant,
v.
CITY OF AURORA; Bradley B. Bickett, individually and in his
official capacity as Police Officer of Aurora Police
Department; Albert Sauerwein, Jr., individually and in his
official capacity as Police Officer of Aurora Police
Department; Hannalore Burkhard, also known as Hannalore
Anderson; Michael Harris; Bridgette Harris, also known as
Bridgette Fuller; and John Doe and Other unknown
individuals, Defendants-Appellees.
 No. 93-1372.
 United States Court of Appeals,
Tenth Circuit.
 June 3, 1994.
 
 1
 Before ANDERSON and KELLY, Circuit Judges, and LUNGSTRUM,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Fred Andrew Anderson, III, brought this action alleging a variety of civil rights and state tort law claims in thirteen causes of action against defendants. The claims stem from a family dispute that occurred at the home of plaintiff's father and stepmother, defendant Hannalore Anderson, in September 1990. The City of Aurora police were called and arrived to help resolve the dispute.
 
 
 4
 Defendants City of Aurora and its police officers Bickett and Sauerwein moved for partial summary judgment on plaintiff's state law claims and later moved for summary judgment on the remainder of plaintiff's claims. Defendant Hannalore Anderson also filed a motion for summary judgment. (Defendants Michael Harris and Bridgette Harris apparently had never been served and were dismissed.) At a hearing on these motions, the district court granted summary judgment in an oral order in favor of all defendants on all claims except for plaintiff's 42 U.S.C.1983 claim against Sauerwein based on the Fourth and Fourteenth Amendments. Several days later the court issued a written order finding Sauerwein entitled to summary judgment and qualified immunity and dismissing the case. Plaintiff then filed this appeal alleging that the district court erred by (1) granting summary judgment and qualified immunity to Sauerwein on plaintiff's constitutional claims; (2) granting summary judgment to Bickett, Sauerwein, and Hannalore Anderson on plaintiff's conspiracy and intentional-infliction-of-emotional-distress claims; and (3) granting summary judgment to the City of Aurora on plaintiff's 1983 claim.
 
 
 5
 Defendants' summary judgment motions requested relief on a variety of bases. Because the hearing at which the court issued its oral summary judgment order has not been transcribed and provided to us as our rules require, see 10th Cir. R. 28.2(e), we do not have the court's analysis and bases for granting summary judgment on most of plaintiff's claims. Plaintiff's failure to file a copy of the transcript precludes appellate review. McGinnis v. Gustafson, 978 F.2d 1199, 1201 (10th Cir.1992).
 
 
 6
 In its August 18, 1993 written order, the district court addressed only plaintiff's claim that Sauerwein subjected him to an unreasonable search and seizure. The court first correctly determined that plaintiff's claim was cognizable only under the Fourth Amendment and therefore did not address it under the Fourteenth Amendment. See Tennessee v. Garner, 471 U.S. 1, 7 (1985). The court then determined that Sauerwein did not violate plaintiff's Fourth Amendment rights. It concluded first that the encounter primarily involved only police questioning that did not rise to the level of a seizure. See Florida v. Bostick, 111 S.Ct. 2382, 2386 (1991). It also concluded that Sauerwein's grabbing plaintiff and briefly patting him down was not excessive force and did not rise to a constitutional violation. See Graham v. Connor, 490 U.S. 386, 396-97 (1989). Because plaintiff failed to show a violation of the law, the district court also found Sauerwein entitled to qualified immunity.
 
 
 7
 Our standard of review is de novo. Frohmader v. Wayne, 958 F.2d 1024, 1026 (10th Cir.1992). We have fully considered plaintiff's arguments and reviewed the record on appeal, and we agree with the district court that, construing the alleged facts in plaintiff's favor, Sauerwein's actions did not rise to the level of a Fourth Amendment violation. See Ingraham v. Wright, 430 U.S. 651, 674 (1977)(constitution not concerned with "de minimus level of imposition"). Even assuming that Sauerwein's grabbing and frisking plaintiff amounted to a seizure, we cannot say that under the facts as alleged by plaintiff, Sauerwein's actions were not objectively reasonable, see Graham, 490 U.S. at 397, entitling him to qualified immunity in any event, see Hinton v. City of Elwood, 997 F.2d 774, 780-82 (10th Cir.1993).
 
 
 8
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. Plaintiff's request for oral argument is DENIED. Defendants' motion to strike appellant's opening brief and/or dismiss appeal and request for attorney fees are DENIED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 **
 Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470