68 F.3d 483
 76 A.F.T.R.2d 95-7133
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Fran ALLEN; Linda Sanders, Plaintiffs-Appellants,
v.
UNITED STATES of America, Commissioner of Internal Revenue;
Robert Oliver, Internal Revenue Officer, individually and in
his official capacity; Lyle Voss, Revenue Officer,
individually and in his official capacity; Gerald Swanson,
District Director, individually and in his official
capacity; Jean M. Carl, IRS Advisor, individually and in
her official capacity; Robert A. Varra, IRS Agent,
individually and in his official capacity, Defendants-Appellees.
 No. 94-1229.
 United States Court of Appeals, Tenth Circuit.
 Oct. 17, 1995.
 
 Before BALDOCK, HOLLOWAY, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P.
 
 
 2
 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Pro se plaintiffs Fran Allen and Linda Sanders (hereinafter referred to as "plaintiffs") appeal the district court's grant of the government's motion to dismiss. Plaintiffs brought suit against the United States and agents thereof, seeking damages for due process violations and various other wrongs allegedly committed against them by the government in its attempt to collect taxes. The government moved to dismiss the action on several grounds: (1) lack of subject matter jurisdiction; (2) lack of standing by Ms. Sanders; and (3) failure to state a claim upon which relief can be granted. The individual named defendants also filed a motion to dismiss based on failure to state a claim upon which relief can be granted and improper service of process. The district court granted both motions to dismiss, as well as the government's motion for sanctions under Fed.R.Civ.P. 11.
 
 
 4
 The record before us contains the April 20, 1994 order of the district court granting the various defendants' motions to dismiss. That order does not contain any findings or insight into the district court's ruling, but is based on "the findings and conclusions articulated on the record." The only other document referring to the dismissal is the Courtroom Minutes of the same date. Also in summary fashion, that document merely reflects that the government's and the individual defendants' motions to dismiss were granted. The record on appeal contains no transcript of the district court's findings and conclusions with regard to its order of dismissal.[2] Because plaintiffs' failure to provide this court with the district court's findings and conclusions "raises an effective barrier to informed, substantive appellate review[,]" we are left "with no alternative but to affirm the affected ruling." McGinnis v. Gustafson, 978 F.2d 1199, 1201 (10th Cir.1992).
 
 
 5
 Finally, defendants request that this court award sanctions against plaintiffs. Defendants' request for sanctions in this court is denied.
 
 
 6
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 Entered for the Court
 Wade Brorby Circuit Judge
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Plaintiffs filed motions in both the district court and this court requesting permission to transcribe the hearing themselves or, in the alternative, that the court order a transcript by a court reporter at government expense. Both courts denied the motions