# UNITED STATES COURT OF APPEALS

Filed 6/25/96

## TENTH CIRCUIT

MICHAEL LOPEZ,

      Plaintiff-Appellant,

v.

THE CITY AND COUNTY OF
DENVER; DAVID MICHAUD, in
his individual capacity and his
official capacity as Chief of the
Denver Police Department; L. N.
VALENCIA, Detective, in his
official and individual capacity;
T. DEMMELL, Detective, in his
official and individual capacity;
UNKNOWN OFFICERS OF THE
DENVER POLICE DEPARTMENT,
in their individual and official
capacity,

      Defendants-Appellees.

No. 95-1498
(D.C. No. 94-N-2047)
(Dist. Colo.)

---

## ORDER AND JUDGMENT*

---

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Mr. Michael Lopez filed this action under 42 U.S.C. § 1983,[1] alleging that defendants violated his Fourth Amendment right against warrantless seizures and his Fifth Amendment right to due process. In addition he alleged outrageous conduct and professional negligence. The district court granted defendants' motion for summary judgment. Mr. Lopez timely filed this pro se appeal, and we affirm.

An appellant is required to include in the record on appeal "pertinent written findings and conclusions, opinions or orders of a district judge . . . or, if the findings and conclusions were stated orally, a copy of the transcript pages reproducing those findings and conclusions." 10th Cir. R. 10.3.1(c); see also 10th Cir. R. 28.2(d).[2] "[F]ailure to file the required transcript . . . . raises an effective barrier to informed, substantive appellate

---

[1] Mr. Lopez was represented by counsel in the district court.

[2] "This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)(citing Green v. Dorreu, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 507 U.S. 940 (1993)).

review." McGinnis v. Gustafson, 978 F.2d 1199, 1201 (10th Cir. 1992). Because Mr. Lopez failed to include a transcript of the district court's oral findings and conclusions, we are left "no alternative but to affirm the affected ruling." Id.

In any event, we have reviewed the record and the response to summary judgment prepared by the attorneys who represented Mr. Lopez below, and we are not persuaded by the presentation that summary judgment was improperly granted. Misidentification is always regrettable, but unless there is proof of intent or reckless disregard by a police officer, there is no constitutional violation. See Beard v. City of Northglenn, 24 F.3d 110, 114-15 (10th Cir. 1994).

The decision of the district court is **AFFIRMED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge