**Mark KNAUST, Barbara Knaust, and Herman Karl Knaust, II, Plaintiffs–Appellants,**

v.

**THE CITY OF KINGSTON; the City of Kingston Planning Board; the City of Kingston Local Development Corporation; and the United States Department of Commerce, for and through the Economic Development Administration, Wilbur F. Hawkins, Deputy Assistant Secretary for Economic Development, Defendant–Appellees.**

No. 96–CV–0601 (FJS).

United States District Court, N.D. New York.

Jan. 14, 1998.

McNamee, Lochner, Titus & Williams, P.C., Albany, NY, for Plaintiff-Appellants; John J. Privitera, of counsel.

Cook, Tucker Law Firm, Kingston, NY, for the City of Kingston and City of Kingston Planning Board; Robert D. Cook, of counsel.

Ward, Sommer Law Firm, Albany, NY, for City of Kingston and City of Kingston Planning Board; Michael J. Moore Asst. Atty. Gen., of counsel.

Office of Richard F. Riseley, Kingston, NY, for the City of Kingston Local Development Corporation.

U.S. Department of Commerce, Washington, DC, for Defendant-Appellees U.S. Department of Commerce, acting by and through the Economic Development Agency; Russell W. Craig, Special Assistant U.S. Attorney, of counsel.

## DECISION AND ORDER

SCULLIN, District Judge.

Plaintiff–Appellants in this action, Mark Knaust, Barbara Knaust, and Herman Karl Knaust, II have filed a Notice of Appeal of this Court's Memorandum–Decision and Order dated October 17, 1997 pursuant to 28 U.S.C. § 1292(a). The Order granted a summary judgment motion by Defendant–Appellee, the Department of Commerce, acting by and through the Economic Development Agency, and denied the Plaintiff–Appellants's motions for summary judgment and preliminary injunction. The Plaintiff–Appellants have designated the transcript of the May 22, 1996 hearing on the preliminary injunction to the record on appeal. Presently before the Court is a motion brought under Rule 10(b)(2) of the Federal Rules of Appellate Procedure by the Defendant–Appellee seeking an order directing the Plaintiff–Appellants to designate the transcript of oral argument on the summary judgment motions argued on October 24, 1996, as part of the record on appeal.

Rule 10(a) of the Federal Rules of Appellate Procedure defines the record on appeal as including the transcripts of proceedings. *See* Fed. R.App. Pro. 10(a). The appellant is under an obligation to designate and order the entire transcript or portions of the transcript which the appellant deems necessary and relevant to his or her claim of error on appeal. *See* Fed. R.App. Pro. 10(b)(1), 10(b)(2); *Martel v. County of Los Angeles,* 34 F.3d 731, 738 (9th Cir.1994). If the appellee believes that a certain portion of the transcript which the appellant has not designated is relevant, the appellee has the option of either (1) ordering the transcript or (2) bringing a motion in district court for an order directing the appellant to designate the transcript to the record on appeal. *See* Fed. R.App. Pro. 10(b)(2).

The Defendant–Appellee argues that the Plaintiff–Appellants were obligated to designate to the record on appeal in addition to the transcript of the preliminary injunction hearing, the transcript of the oral argument on the summary judgment motion. Fed. R.App. Pro. 10(a). The Defendant–Appellee asserts the summary judgment arguments are relevant because it informs the appellate court of what this Court considered when making its findings and conclusions of law on its decision of October 17, 1997.

In opposition to the present motion, the Plaintiff–Appellants state that it need only designate those portions of the transcript which it deems relevant for the appellate court consideration. The Plaintiff–Appellants argue that the October 24, 1996 transcript did not include the taking of evidence or the findings of fact/conclusions of law and therefore is not relevant to any issue on appeal.

 The Court finds that Fed. R.App. Pro. 10(b)(1) and (b)(2) obligates the appellant to include only those portions of the transcript which the appellant deems *necessary* and *relevant.* Furthermore, the Defendant–Appellee's assertion that both transcripts in their entirety are relevant because the appellate court must be aware of what was and was not before this Court is flawed. This is not a situation in which the Court rendered its decision from the bench during oral argument, but one in which the Court provided a written decision. *Cf. McGinnis v. Gustafson,* 978 F.2d 1199, 1200 (10th Cir. 1992) (stating that where the district court ruled from the bench, a transcript of oral argument was necessary to provide the appellate court with the legal analysis). The Court finds that the Defendant–Appellee has not established the necessity or relevancy of the October 24, 1996 transcript to the issue(s) on appeal, and therefore its motion must be denied.

After reviewing the entire file in this matter, the submissions of the parties, and the applicable law, it is hereby

ORDERED that the Defendant–Appellee's motion to direct the Plaintiff–Appellants to designate the October 24, 1996 oral argument transcript to the record on appeal is DENIED.

**IT IS SO ORDERED.**