**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 6 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

FELMON L. LAURY,

      Plaintiff - Appellant,

v.

MICHAEL SEPANEK, Lieutenant of
Custody, USP Leavenworth; DAVID
THEODOROFF, Correctional Officer
of Security, USP Leavenworth;
DANIEL JACOBS, Correctional
Officer of Security, USP Leavenworth;
MARK WOLOWICZ, Correctional
Officer of Security, USP Leavenworth;
KEVIN NIKES, Correctional Officer
of Security, USP Leavenworth;
TIMOTHY PRESTON,

      Defendants - Appellees.

No. 01-3038
(D.C. No. 98-CV-3024-JWL)
(D. Kansas)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff brought suit against defendants pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that they violated his Eighth Amendment rights while he was incarcerated at the United States Prison at Leavenworth. After dismissal of many claims and several defendants for failure to state a claim and on summary judgment, plaintiff's excessive force and failure to supervise claims were tried by a jury. The jury found in favor of defendants, and the district court entered judgment on the verdict. Appearing pro se, plaintiff appeals.

On appeal, plaintiff complains that he did not receive a fair trial. Because the record on appeal does not include a trial transcript, we are unable to review plaintiff's allegations of trial error.[1] Consequently, we affirm the judgment of the

---

[1] The district court denied plaintiff's motion for a transcript at government expense. Plaintiff does not challenge that ruling on appeal. We note, however, that nothing in the record before us indicates an abuse of the district court's discretion under 28 U.S.C. § 753(f) to allow a transcript at government expense where a plaintiff would present nonfrivolous issues that raise a substantial question on appeal.

district court entered on the verdict of the jury. *See McGinnis v. Gustafson*, 978 F.2d 1199, 1201 (10th Cir. 1992).

In addition to the allegations of trial error, plaintiff's brief could be read to take issue with the district court's pre-trial dismissal of his claims against defendant Greenfield pursuant to Fed. R. Civ. P. 12(b)(6). *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). To the extent plaintiff makes such a challenge (and we note that it would require an *extremely* liberal reading to reach that conclusion), we lack jurisdiction to consider it. Plaintiff did not indicate an intent to appeal the district court's June 18, 1998 order dismissing the claims against defendant Greenfield in either his notice of appeal or the docketing statement filed in this appeal. Consequently, we have no jurisdiction to consider the 12(b)(6) dismissal of the claims against Greenfield. *See Nolan v. U.S. Dep't of Justice*, 973 F.2d 843, 846-47 (10th Cir. 1992).

We AFFIRM the judgment of the district court. [2]

Entered for the Court

John C. Porfilio
Circuit Judge

---

[2] We remind defendant that he remains obligated to make partial payments on his filing fee until the fee is paid.