**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 6 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WENDY ELORRIAGA,

    Plaintiff - Appellant,

v.

TOOELE COUNTY, DEPUTY
SPENCER TURPIN,

    Defendants - Appellees,

OFFICER STEVE BARRETT,
OFFICER DAVE AAGARD AND
JOHN DOES 1 THROUGH X,

    Defendants.

No. 03-4016
(Utah)
(D.C. No. 2:99CV-00874K)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Wendy Elorriaga filed a 42 U.S.C. § 1983 complaint in the district court against Tooele County, Tooele County Sheriff's Deputy Spencer Turpin, and Grantsville Police Department officers Steve Barrett and Dave Aagard, alleging excessive force, cruel and unusual punishment, and illegal search and seizure in violation of the Fourth, Eighth and Fourteenth Amendments.[1] Prior to trial, she settled her claims against Barrett and Aagard. Her claims against Tooele County and Turpin proceeded to a jury trial. At the close of Elorriaga's case, Tooele County and Turpin moved for a directed verdict, which the court granted as to Tooele County only. The jury found in favor of Turpin. Elorriaga appeals pro se[2] the jury's verdict and the district court's judgment in favor of Tooele County and Turpin. We construe her argument as an insufficiency of the evidence claim. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

When reviewing a jury's verdict on appeal, our review is "limited to determining whether the record--viewed in the light most favorable to the prevailing party-- contains substantial evidence to support the jury's decision."

---

[1] Elorriaga also alleged various state law claims, which were dismissed per stipulation.

[2] We construe pro se pleadings liberally. *Ledbetter v. City of Topeka,* 318 F.3d 1183, 1187 (10th Cir. 2003).

*Thunder Basin Coal Co. v. Southwestern Public Serv. Co.*, 104 F.3d 1205, 1212 (10th Cir. 1997) (quotation and citation omitted).  In conducting our review, we will not re-weigh the evidence, appraise credibility, or resolve conflicts in the evidence.  *Id.* (citation omitted).

Because Elorriaga fails to cite to the record or any legal authority and has not provided us with a trial transcript, we have no way to meaningfully review the jury's verdict.  *See* Fed. R. App. P. 10(b)(1) (appellant has duty to order transcript of relevant proceedings), and 28(a)(7), (9) (appellant's brief must contain a statement of facts and an argument, with citations to authorities and the record).  The absence of the required transcript leaves us no alternative but to affirm the district court.  *Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1238 (10th Cir. 1999).  *See also McGinnis v. Gustafson*, 978 F.2d 1199, 1201 (10th Cir. 1992) ("[F]ailure to file the required transcript involves more than noncompliance with some useful but nonessential procedural admonition of primarily administrative focus.  It raises an effective barrier to informed, substantive appellate review.").

Nevertheless, Elorriaga, represented by counsel, was provided the opportunity to present her case to a jury.  Accordingly, absent evidence to the contrary, we assume the jury properly exercised its fact-finding authority in accordance with the legal instructions provided by the court.  Elorriaga's motion

to proceed in forma pauperis on appeal is **GRANTED** and the judgment in favor

of Turpin and Tooele County is **AFFIRMED**.

Entered by the Court:

**TERRENCE L. O'BRIEN**
United States Circuit Judge