**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 8 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

XIANGWEN WU,

      Plaintiff-Appellant,

v.

SALT LAKE COUNTY
COMMISSION; PAUL
CUNNINGHAM,

      Defendants-Appellees.

No. 03-4118, 03-4162
(D. Utah)
(D.Ct. No. 2:01-CV-860-DB)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Xiangwen Wu, appearing pro se, appeals the district court's judgment in

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

favor of Salt Lake County (the County) and Paul Cunningham.[1]  In a separate

appeal, he challenges the district court's award of costs to the County and

Cunningham.  His appeals have been consolidated.  Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

Background

On November 17, 1997, Wu was arrested in Salt Lake City, Utah, for

domestic violence and taken to the Salt Lake County Metro Jail.  At the time of

his arrest, domestic violence was a non-bailable offense under Utah State law

unless the arrestee signed a "no contact" order.  Within several hours of having

been booked, a pretrial services officer, Pat Kimball, met with Wu and evaluated

him for pretrial release.  Kimball presented Wu with a "no contact" order which

Wu signed.  Wu's bail was set at $500.00.  Wu did not post bail.  On November

25, 1997, he was ordered released by the state court.[2]

On November 1, 2001, Wu filed a 42 U.S.C. § 1983 suit in the United

States District Court for the District of Utah against Salt Lake County, Paul

Cunningham, Commander of the Salt Lake County Metro Jail at the time of Wu's

arrest, and several unnamed jail officers.  In his complaint, Wu alleged the

---

[1]  We construe pro se pleadings liberally.  *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

[2]  According to Wu's complaint, the charges against him were eventually dismissed.

signing of the "no contact" order required him to be released immediately and therefore, his continued confinement for nine days violated his constitutional rights to liberty and to be free from unreasonable seizures. He also alleged that because of his confinement he was unable to renew his "lawyer license" from China and as a result, he lost income.

On August 23, 2002, upon stipulation of the parties, the district court dismissed with prejudice Wu's claims relating to his lawyer's license and lost income. On April 13, 2003, a bench trial was held on the remaining claims. The court found in favor of the County and Cunningham. On May 8, 2003, the court issued its Findings of Facts and Conclusions of Law. Formal judgment was entered on May 12, 2003.

Thereafter, the County and Cunningham moved for an award of costs and fees in the sum of $324.05, the cost incurred in deposing Wu. Over Wu's objection, the district court granted the motion on June 13, 2003. These appeals followed.

## Discussion

Wu argues the district court's judgment in favor of the County and Cunningham was improper and should be reversed. He also asserts the district court erred in awarding costs to the County and Cunningham.

*Judgment in Favor of the County and Cunningham*

Wu contends the district court improperly found in favor of the County and Cunningham. Specifically, he alleges that (1) after he signed the "no contact" order, he should have been immediately released on his own recognizance, (2) he was never informed he was required to pay bail, and (3) the County and Cunningham were not entitled to qualified immunity.[3]

Following a bench trial, we review a district court's factual findings for clear error and its legal conclusions de novo. *Sanpete Water Conservancy Dist. v. Carbon Water Conservancy Dist.*, 226 F.3d 1170, 1177-78 (10th Cir. 2000). "A finding of fact is clearly erroneous if it is without factual support in the record or if the appellate court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been made." *Nieto v. Kapoor*, 268 F.3d 1208, 1217 (10th Cir. 2001) (internal quotation marks and citation omitted).

Because Wu fails to cite to the record or any legal authority and has not provided us with the trial transcript (as is his duty under the rules), we have no way to meaningfully review the district court's findings of facts and conclusions of law. *See* Fed. R. App. P. 10(b)(1) (Appellant has a duty to order the transcript of relevant proceedings), and 28(a)(7), (9) (Appellant's brief must contain a

---

[3] In his opening brief, Wu states the district court may have ruled against him due to racial prejudice. This mere allegation has no support in the record and will not be addressed further.

statement of facts and an argument, with citations to authorities and the record). The absence of the required transcript leaves us no alternative but to affirm the district court's decision. *Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1238 (10th Cir. 1999). *See also McGinnis v. Gustafson*, 978 F.2d 1199, 1201 (10th Cir. 1992) ("[F]ailure to file the required transcript involves more than noncompliance with some useful but nonessential procedural admonition of primarily administrative focus. It raises an effective barrier to informed, substantive appellate review.").

Nevertheless, it was the state court which set Wu's bail. Cunningham was not responsible for operating pretrial services and therefore, he cannot be held liable for Wu's continued confinement. As to the County, the district court determined "[t]here was no policy or practice of the Salt Lake County Commission that led to any violation of the plaintiff's rights." (Findings of Facts and Conclusions of Law at 3.) That the County was not operating pursuant to an official custom or policy is not clearly erroneous based on the record before us. In fact, Wu never alleged such a custom or policy in his complaint, a prerequisite to a finding of the County's liability under § 1983. *See Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 690 (1978).

Based on the above, we affirm the district court's judgment in favor of the County and Cunningham.

*Award of Costs*

Wu next challenges the district court's award of costs to the County and Cunningham. He asserts the award of costs was improper because in its August 23, 2002 order, the court specifically stated each party was to bear its own costs and attorneys' fees. He contends the court's subsequent June 13, 2003 order awarding costs to the County and Cunningham could not reverse its August 23, 2002 order. Wu is mistaken. The district court's August 23, 2002 order dismissed Wu's claims concerning his lawyer's license and lost income. This dismissal was pursuant to stipulation by the parties. The order's statement that each party was to bear its own costs and attorneys' fees pertained solely to the dismissed claims. The County and Cunningham were still entitled to an award of costs for prevailing on Wu's other claims. *See* Fed. R. Civ. P. 54(d)(1) ("[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.").[4] Accordingly, the district court did not abuse its discretion in awarding the costs of Wu's deposition to them.[5] *See*

---

[4] Below, the County and Cunningham moved for costs under 42 U.S.C. § 1988 and their motion became the district court's order. This statute allows for "a reasonable attorney's fee as part of the costs" to the prevailing party. Because the County and Cunningham did not move for attorney's fees, an award of costs pursuant to 42 U.S.C. § 1988 was error. Nevertheless, the award was proper under Rule 54(d)(1) of the Federal Rules of Civil Procedure.

[5] "The general costs statute, 28 U.S.C. § 1920, permits recovery of deposition costs 'necessarily obtained for use in the case.'" *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1204 (10th Cir. 2000) (citing 28 U.S.C. § 1920(2),

*Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1228 (10th Cir. 2001) (we review an award of costs under Rule 54(d) for an abuse of discretion) (citation omitted).

Conclusion

We **AFFIRM** the district court's judgment in favor of the County and Cunningham and its award of costs to them.

**Entered by the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge

---

(4)). "'[T]his definition authorizes recovery of costs with respect to all depositions reasonably necessary to the litigation of the case.'" *Id.* (quoting *Furr v. AT & T Techs., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987)). Here, there is no allegation that Wu's deposition was not "necessarily obtained for use in the case."