**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EDWARD ALLEN BUCK,

      Plaintiff-Appellant,

v.

TIM L. BRACKETT, JR., Attorney;
NIXON PEABODY, LLP, a law firm;
DR. W. ROBERT COOK; PAUL
YEAGLE, JR., an individual;
BITLESS BRIDLE, INC., a
Pennsylvania corporation,

      Defendants-Appellees,

   and

UNITED STATES PATENT AND
TRADEMARK OFFICE, a
government agency, Primary
Examiner; PETER M. POON,
Assistant Examiner; JOAN M.
OLSZEWSKI, Primary Examiner;
ROBERT P. SWIATEK, Examiner;
NICHOLAS D. LUCCHESI,
Examiner; CHERYL
GIBSON-BAYLOR, Examiner; SON
T. NGUYEN,

      Defendants.

No. 04-4147
(D.C. No. 2:03-CV-783-TS)
(D. Utah)

EDWARD ALLEN BUCK,

Plaintiff-Appellant,

v.

UNITED STATES PATENT AND
TRADEMARK OFFICE, a
government agency, Primary
Examiner; PETER M. POON,
Assistant Examiner; JOAN M.
OLSZEWSKI, Primary Examiner;
ROBERT P. SWIATEK, Examiner;
NICHOLAS D. LUCCHESI,
Examiner; CHERYL
GIBSON-BAYLOR, Examiner; SON
T. NGUYEN; TIM L. BRACKETT,
JR., Attorney; NIXON, PEABODY,
a law firm; Dr. W. ROBERT COOK;
PAUL YEAGLE, JR., an individual;
BITLESS BRIDLE, INC.,
a Pennsylvania corporation,

Defendants-Appellees.

No. 05-4015
(D.C. No. 2:03-CV-783-TS)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **HOLLOWAY**, and **BALDOCK**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## Background

Plaintiff-appellant, Edward Allan Buck, filed a lawsuit against two groups of defendants arising from the issuance of a patent for what is known as a bitless bridle. The first group of defendants was the United States Patent and Trademark Office and six individual patent examiners (the governmental defendants). The second group of defendants was Bitless Bridle, Inc., its officers W. Robert Cook and Paul Yeagle, Jr., and the law firm of Nixon Peabody, LLP, including one of its partners, Timothy L. Brackett (the private defendants).

As he did in the district court, plaintiff appears in this court pro se and in forma pauperis. In No. 04-4147, he appeals from the district court's order dismissing the private defendants for lack of personal jurisdiction. And in No. 05-4015, he appeals from the district court's order dismissing his claims against the governmental defendants for lack of subject matter jurisdiction. In No. 05-4015, he also assigns error to the orders denying his motions to disqualify counsel, for service of process, for default judgment, to appoint counsel, and for recusal. We find no error and affirm.[1]

_____

[1]    No. 04-4147 is plaintiff's appeal from the district court's order dismissing the private defendants. Upon filing, this court tolled the briefing schedule to allow plaintiff to obtain a Fed. R. Civ. P. 54(b) certification. The district court denied certification, and while this court's show cause order was pending, entered its order dismissing the claims against the governmental defendants.

(continued...)

The gist of plaintiff's complaint against the private defendants was that they obtained the patent for the bitless bridle by false pretenses. The private defendants filed a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). The district court granted the motion without conducting an evidentiary hearing.

Based on the affidavits and written materials, the district court found as to each defendant that in addition to not being residents, none were licensed to do business and did not have offices, employees, agents, bank accounts, or telephone or fax listings in Utah. Similarly, none owned any real estate, controlled any assets, or paid taxes in the state.

This court reviews de novo a district court's dismissal for lack of personal jurisdiction. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074 (10th Cir. 2004), *cert. denied*, 125 S. Ct. 1826 (2005). When jurisdiction is contested, a plaintiff bears the burden of proving that jurisdiction exists. *Id.* However, when a court grants the motion without an evidentiary hearing, a plaintiff need make only a prima facie showing of jurisdiction to defeat the motion. *Id.* In determining

---

[1](...continued)
Plaintiff's appeal from this order is No. 05-4015. The appeals have been consolidated for procedural purposes.

whether a plaintiff has made a prima facie showing, all factual disputes are resolved in his favor. *Id.*

After reviewing the record, we conclude that the district court properly granted the motion. The court enumerated the requirements for finding either general or specific jurisdiction under Utah law and for conforming to the due process clause of the Fourteenth Amendment. *See Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295-99 (10th Cir. 1999). It then applied the law to the affidavits and written materials to reach its conclusion that plaintiff failed to make a prima facie showing of jurisdiction. As such, we affirm for the same reasons set forth in the court's Order Granting Defendants' Motion To Dismiss dated June 23, 2004.

## No. 05-4015

The thrust of plaintiff's claims against the governmental defendants was that as a result of ignorance and inadequate training, they mistakenly issued the patent for the bitless bridle to defendant Cook, instead of to him. He purported to state claims for fraud, injunctive relief, fraudulent procurement of intellectual property rights under the Sherman Act, and unfair competition in violation of the Lanham Act.

The governmental defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Following briefing by the parties, the district court held a hearing. The court granted the motion and in a minute order

directed the governmental defendants to "prepare an order reflecting today's ruling, present [it] to Plaintiff for review, and submit [it] to the Court for signature." R. II, doc. 79.

The written order presented by the governmental defendants and signed by the district court does not contain any of the court's findings or conclusion, but instead states only: "Having considered the Complaint and the parties' written memoranda, and having heard oral argument from the parties...the Court HEREBY ORDERS, for the reasons stated by the Court on the record at the conclusion of argument . . . as follows: . . . 2. The Federal Defendants' Motion to Dismiss is granted pursuant to Fed. R. Civ. P. 12(b)(1) the court having found that it lacks subject matter jurisdiction over Plaintiff's claims. . . ." R. II, doc. 80 at 1-2.

On appeal, plaintiff asks this court to reverse the order for grounds that are less than clear. For the most part, his brief contains ad hominem attacks on the district court judge. On their behalf, the governmental defendants make several arguments as to why the district court's order was correct. Both parties miss the point. The order is essentially only one line, and does not include any of the court's reasoning or the basis for the decision.

A transcript of the district court's explanation of its ruling is essential to appellate review by this court. *See McGinnis v. Gustafson*, 978 F.2d 1199, 1201 (10th Cir. 1992). However, plaintiff failed to request, and thus provide, a

transcript as required by Fed. R. App. P. 10(b) and 10th Cir. R. 10.1(A)(1), 10.3(C)(3), and 28.2(A)(2).

The requirement of a transcript is not a matter of form over substance. Instead, this court has been clear that a "failure to file the required transcript [of an oral ruling] involves more than noncompliance with some useful but nonessential procedural admonition of primarily administrative focus. It raises an effective barrier to informed, substantive appellate review." *McGinnis*, 978 F.2d at 1201. As a result, "this court has held on a number of occasions and in a variety of settings that the lack of a required transcript leaves us with no alternative but to affirm the affected ruling." *Id*.

Plaintiff's pro se and in forma pauperis status does not require a different result. In civil cases such as this, an appellant proceeding in forma pauperis may obtain a transcript at government expense pursuant to 28 U.S.C. § 753(f). To receive such a transcript, however, § 753(f) requires the appellant to request a transcript and obtain from either the trial judge or a circuit judge, a certification that "the appeal is not frivolous (but presents a substantial question)." Plaintiff neither requested a transcript nor moved for the required certification in either this court or the trial court. Moreover, a party's pro se status does not excuse noncompliance with court rules, nor is a pro se party relieved of the consequences of noncompliance. *See, e.g.*, *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (holding that a pro se appellant is not excused from complying

-7-

with fundamental requirements of the Federal Rules of Appellate Procedure); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (this court has repeatedly insisted that pro se parties follow procedural rules). Therefore, the district court's order dismissing the complaint for lack of subject matter jurisdiction is affirmed.

Because the district court properly granted the governmental defendant's motion to dismiss for lack of subject matter jurisdiction, plaintiffs' appeal from the court's order denying his motion to disqualify the United States Attorney's Office is moot. *See D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1229 (10th Cir. 2004) (holding that a determination that the district court lacked jurisdiction over a claim moots any other challenge to the claim). The doctrine of mootness also precludes our review of plaintiffs' appeal from the district court's orders regarding service of process, the denial of plaintiff's motion for default judgment, and the request to appoint counsel. *See id.*

However, plaintiff's appeal concerning the district court's denial of his motion to recuse is not moot, because it appears that he is arguing for recusal not in connection with a remand, but as an independent ground for reversal.

After the district court entered its order that dismissed the private defendants for lack of personal jurisdiction, plaintiff filed his first motion for recusal. The motion did not mention or comply with either 28 U.S.C. § 144 or § 455, which are the applicable statutes. Instead, he argued that the district court judge violated the Code of Conduct for United States Judges by failing to rule

promptly on various motions, and that the judge was prejudiced against him as demonstrated by the order dismissing the private defendants. He also asserted that but for the judge's prejudice and negligence, a different judge would have already entered judgment in his favor and ordered the United States Department of Justice to investigate and prosecute the defendants. The court denied the first motion to recuse.

Plaintiff's second motion to recuse was filed approximately one week following the district court's first order. Like the first motion, it was based on alleged violations of the Code of Conduct for United States Judges, coupled with the charges that delay and adverse legal rulings were grounds for recusal. This time the motion was accompanied by an affidavit from plaintiff. In its order denying the second motion for recusal, the district court stated because plaintiff filed a sworn statement, the court would treat the motion as being brought pursuant to 28 U.S.C. § 144. Section 144 provides for recusal in circumstances where the judge has a personal bias or prejudice against the moving party or in favor of the adverse party.

In denying the second motion, the district court held that adverse rulings, standing alone, do not constitute grounds for recusal. The court also found that plaintiff's conclusory assertions of bias and prejudice were legally insufficient.

This court reviews the denial of a motion to recuse for abuse of discretion. *Higganbotham v. Okla. ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 645

(10th Cir. 2003). The district court's decision will be upheld unless it is "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Id.* at 645 (quotation marks omitted).

To warrant recusal under 28 U.S.C. § 144, the alleged bias and prejudice must be personal and extrajudicial. *See United States v. Irwin*, 561 F.2d 198, 200 (10th Cir. 1977); *Davis v. Cities Serv. Oil Co.*, 420 F.2d 1278, 1282 (10th Cir. 1970). Moreover, adverse legal rulings, standing alone, do not provide grounds for recusal. *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988).

Applying the foregoing standards, we conclude that the district court did not abuse its discretion in denying the motions for recusal for the reasons stated in its Order Denying Plaintiff's Motion to Recuse dated October 7, 2004 and its Order Denying Plaintiff's Second Motion to Recuse dated October 26, 2004.

The judgments of the district court are AFFIRMED.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge