**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 10, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WILLIAM M. WRIGHT,

Plaintiff-Appellant,

v.

JEFF MEYERS; BRETT TITUS;
JEROD FOUST; DANIEL
SWANSON, #01012; RYAN
KOBERNICK, #01054; JAY LOPEZ,
#01014,

Defendants-Appellees.

No. 05-1279
(D.C. No. 03-CV-353-EWN-OES)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

William M. Wright, a Colorado state prisoner proceeding pro se, filed this

civil rights suit under 42 U.S.C. § 1983 against several police officers involved in

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

his arrest in February 2002. He claimed that the officers lacked probable cause to arrest him, that his arrest was racially motivated, and that the officers used excessive force. These claims went to trial. Based on evidence presented at trial, the district court granted the officers' motions to dismiss the racial discrimination and lack of probable cause claims, and dismissed all of the claims against two of the defendants. The excessive force claim against the remaining defendants was sent to the jury, and a verdict was returned in the officers' favor. Wright appeals, arguing that he was denied an opportunity to conduct discovery and should have been appointed counsel. We have jurisdiction under 28 U.S.C. § 1291, and **AFFIRM**.

This court "review[s] a district court's refusal to appoint counsel for an indigent prisoner in a civil case for an abuse of discretion. The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004) (quotation and citation omitted). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." Hill, 393 F.3d at 1115 (internal quotation and citation omitted).

We cannot assess the fundamental fairness of the trial based on the record before us because Wright has neither provided a trial transcript nor recounted what happened at trial that prejudiced him as a result of not having counsel. We cannot merely speculate that the trial was unfair because Wright did not have counsel. Although Wright is proceeding pro se, he is expected to be able to recount the facts that support his claim for relief. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (considering sufficiency of pro se pleading). In addition, this court has stated many times that pro se litigants are required to follow the court's procedural rules. See, e.g., Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (citing cases). This includes providing necessary transcripts, see Fed. R. App. P. 10(b), 10th Cir. R. 10.1(A)(1), 10.3(C)(3), 28.2(A)(2), or requesting free transcripts under 28 U.S.C. § 753(f). "Accordingly, this court has held on a number of occasions and in a variety of settings that the lack of a required transcript leaves us with no alternative but to affirm the affected ruling." McGinnis v. Gustafson, 978 F.2d 1199, 1201 (10th Cir. 1992). Therefore, we "adher[e] to this body of precedent, [and] reaffirm the importance and mandatory nature of this court's rules governing the provision and use of transcripts." Id. We affirm the district court's judgment.[1]

---

[1] We note that in criminal proceedings district courts remain obliged to provide the necessary record for a pro se appeal under 10th Cir. R. 10.2(C).

Wright's challenge to the denial of his motions for discovery fails for essentially the same reason. Other points of error Wright mentioned in passing in his brief are unsupported by legal or factual argument or by necessary transcripts. These alleged errors are also denied.

Appellees' motion to dismiss this appeal is **DENIED**. See 10th Cir. R. 27.2(A)(1); Bartell v. Aurora Pub. Schs., 263 F.3d 1143, 1146 (10th Cir. 2001). Wright's motion to proceed on appeal without prepayment of costs and fees is **GRANTED**, and Wright is reminded that he remains obligated to make partial payments until the entire fee has been paid. The district court's judgment is **AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge