FILED
United States Court of Appeals
Tenth Circuit

March 27, 2026

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

TERRY FRAZIER,

    Plaintiff - Appellant,

v.

JOSUE ALVARADO; STEVENS
TRANSPORT,

    Defendants - Appellees.

No. 25-1056
(D.C. No. 1:21-CV-00970-GPG-NRN)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TYMKOVICH**, **BALDOCK**, and **MORITZ**, Circuit Judges.

_____

Terry Frazier, proceeding pro se,[1] appeals the district court's entry of

judgment after a jury verdict in favor of Josue Alvarado and Stevens Transport in a

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Frazer proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." _Garrett v. Selby Connor Maddux & Janer_, 425 F.3d 836, 840 (10th Cir. 2005).

negligence suit arising from a trucking accident.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mr. Frazier, represented by counsel throughout the district court proceedings, sued the defendants in state court in 2021.  In his lawsuit, Mr. Frazier alleged Mr. Alvarado struck his parked tractor-trailer while backing a commercial tractor-trailer into a parking spot at a travel center.  He further alleged that he was asleep in the cab of his tractor-trailer at the time of the collision, so he fell off his bunk and suffered neck and back injuries.

The defendants removed the lawsuit to federal court, which exercised diversity jurisdiction under 28 U.S.C. § 1332.  They admitted Mr. Alvarado was acting in the course and scope of his employment during the accident and admitted he caused the accident.  But they disputed whether Mr. Frazier suffered damages and whether their negligence caused any damages he suffered.

The parties tried the case before a jury.  The jury found that Mr. Frazier did, in fact, suffer damages, but it did not find that the defendants' negligence caused any claimed damages.  So, the district court entered judgment in favor of the defendants and against Mr. Frazier.  This appeal followed.

Mr. Frazier raises five issues on appeal:  (1) "[w]hether the district court erred in failing to find [the defendants'] negligent operation of a commercial vehicle directly caused [his] . . . injuries, despite clear evidence of the collision and resulting medical damages," (2) whether his own attorneys denied him effective assistance of counsel, (3) whether the district court erroneously admitted "false and misleading

2

photographic evidence," (4) whether this court should reverse the district court's judgment because Mr. Frazier submitted "unrebutted medical evidence" showing substantial injuries from the collision, and (5) whether his "constitutional rights were violated when he was subjected to discriminatory treatment by both his own counsel and opposing counsel." Aplt. Opening Br. at 3. None of the issues he raises compel reversal.

Neither the first nor the fourth issue warrants reversal because Mr. Frazier did not challenge the sufficiency of the evidence with a motion under Fed. R. Civ. P. 50(b). "This failure precludes our review." *Kellogg v. Energy Safety Servs. Inc.*, 544 F.3d 1121, 1128 (10th Cir. 2008). The Supreme Court "has concluded that, in the absence of such a motion[,] an appellate court is without power to direct the [d]istrict [c]ourt to enter judgment contrary to the one it had permitted to stand." *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400–01 (2006) (internal quotation marks and brackets omitted).

The second issue does not warrant reversal because there is no constitutional right to effective assistance of counsel in a civil case. *See MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). Rather, Mr. Frazier's "appropriate remedy for allegedly incompetent representation is a malpractice suit against [his] trial attorney. Any such incompetence provides no basis for granting [him] a new trial." *Id.* at 735–36.

The third issue does not warrant reversal because Mr. Frazier has not provided an adequate record to facilitate our review. *See* 10th Cir. R. 10.4(B) ("When the

3

party asserting an issue fails to provide a record or appendix sufficient for considering that issue, the court may decline to consider it."). Normally, we review evidentiary rulings for abuse of discretion. *See U.S. ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1288 (10th Cir. 2010). But here, such review is impossible because the record does not include the trial transcripts, nor—even if it did—does Mr. Frazier adequately specify what evidence he believes the trial court erroneously admitted or whether and to what extent he objected to the admission of that evidence. The lack of a transcript "involves more than noncompliance with some useful but nonessential procedural admonition of primarily administrative focus. It raises an effective barrier to informed, substantive appellate review." *McGinnis v. Gustafson*, 978 F.2d 1199, 1201 (10th Cir. 1992). Therefore, "the lack of a required transcript leaves us with no alternative but to affirm the affected ruling." *Id.*

Finally, the fifth issue does not warrant reversal because, other than some threadbare assertions that opposing counsel (and his own attorney) discriminated against him, Mr. Fraizer does not identify what allegedly improper actions opposing counsel took or how those actions improperly influenced the jury verdict. Nor does he point to any portion of the record evidencing that discrimination. "[E]ven pro se litigants must do more than make mere conclusory statements regarding constitutional claims." *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995). Mr. Frazier has not sufficiently argued this point to warrant further review.

4

We affirm the judgment of the district court.  We grant Mr. Frazier's motion to proceed without prepayment of costs (Dkt. No. 9).

Entered for the Court

Timothy M. Tymkovich
Circuit Judge