Jessie J. **BARNES**, 09–B–2707, Plaintiff,

v.

John **ALVES**, et al.,[1] **Defendants.**

**No. 6:01–CV–6559 EAW.**

United States District Court, W.D. New York.

Signed June 1, 2015.

_____

1. Defendant John Alves was dismissed from

the case on December 3, 2007; however, his

Jessie J. Barnes, Malone, NY, pro se.

Gary M. Levine, New York State Office of the Attorney General, Rochester, NY, for Defendants.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge.

The Court entered judgment against Plaintiff Jessie Barnes ("Plaintiff") on November 12, 2014, following a five-day bench trial. (Dkt. 431). On November 24, 2014, Plaintiff filed a notice of appeal. (Dkt. 433). On April 9, 2015, the Second Circuit Court of Appeals stated that initial review of Plaintiff's appeal indicated that "transcripts may be necessary for this appeal." (Dkt. 448 at 9). The Second Circuit noted that if Plaintiff seeks free transcripts, he must move in this Court pursuant to 28 U.S.C. § 753(f), demonstrating financial need and that his appeal is "not frivolous (but presents a substantial question)." (*Id.*) (quotation omitted). Presently before the Court is Plaintiff's May 4, 2015 motion seeking free copies of numerous hearing and trial transcripts pursuant to 28 U.S.C. 453(f). (*Id.*). For the reasons set forth below, Plaintiff's motion is denied.

Section 752 of Title 28, United States Code, provides in pertinent part as follows:

Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference. He shall not charge a fee for any copy of a transcript delivered to the clerk for the records of court.... Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma

name is retained as the lead defendant for ease of identifying this lawsuit.

pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

28 U.S.C. § 753(f).

Plaintiff now asks the undersigned to certify that Plaintiff's appeal is not frivolous. (Dkt. 448 at 1, 5). Plaintiff contends that the allegations in his underlying action were supported by trial testimony, medical records, and other exhibits, and that the Court's dismissal of his action was "an abuse of discretionary authority against the weight of sufficiency of evidence...." (*Id.* at 7). Plaintiff argues that the claims set forth in his "FRAP Rule 24.1 Statement," attached as Exhibit E to his affidavit, "demonstrate the meritorious issues of this appeal on its face." (*Id.*). Plaintiff identifies these claims as follows [2]:

(1) The failure of Defendants counsel Gary M. Levine, Assistant Attorney General to provide Court or Plaintiff with information necessitated for writ of habeas corpus ad testificandum to be issued for appearance at trial of critical testimony of witness Leonides Sierra 91A0580 ... deprive the Plaintiff of his substantive due process to a fair trial process opportunity to present evidentiary proofs....

(2) Whether trial judge denial of witnesses Sergeant Fields and Lieutenant Strong as irrelevant ... were an abuse of discretionary authority prejudicial denial of the Plaintiff substantive due process to a fair trial opportunity to present critical testimony examination on basis of Defendants motives, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident

for bogus urinalysis test used to coax Plaintiff from confines of his cell on September 4, 2002 for purpose of excessive use of force retaliation claims....

(3) Whether trial judge dismissal of Plaintiff's retaliation claims ... were an erroneous miscarriage of justice abuse of discretionary authority which is against the weight of the evidence according to criteria standards of the Second Circuit Court of Appeals for a party to state a cause of action or sustain a retaliation claim under First and Fourteenth Amendments...:

(4) Whether trial judge dismissal of Plaintiffs claims ... against Peter Mastrantonio Jr. filing of false duplicitous unhygienic act misbehavior reports from initial contact with the Plaintiff following April 30, 2001 excessive use of force incident involving his uncle Defendant Angelo Mastrantonio was an erroneous miscarriage justice decision that is against the weight of the evidence to bias and prejudice affect of the Plaintiff's substantive due process of a fair trial proceeding....

(5) Whether trial judge denial of the Plaintiff motion in limine seeking preclusion order or negative inference of Defendants testimony concerning September 4, 2002 and October 22, 2002 incidents were clearly erroneous assessment of the evidence presented by Plaintiff's motion papers ... and conflicting testimony of Defendants P. Mastrantonio Jr. and Vandergrift regarding functions of B–Block fixed video camera trained on front of B–1 gallery depicting times all parties entered or exited B–1 gallery on September 4, 2002 and October 22, 2002 prejudicially denied Plain-

---

**2.** Plaintiff's claims are relayed herein verbatim and have not been altered to correct grammar or spelling errors.

·tiff of his substantive due process to a fair trial proceeding warrant remand with instructions. . . .

(6) Whether trial judge shocking erroneous miscarriage of justice decision failure to preclude introduction of the stage altered videotape evidence or impose sanctions resulted in unconscionable taint of trial proceeding to the bias affect of prejudice of the Plaintiff substantive due process to a fair trial on excessive use of force claims against Defendants Potter, Bubcaz, and Dinninny. . . . Plaintiff bias affect of prejudice of his substantive due process to a fair trial proceeding. . . .

(7) Whether trial judge admission of Plaintiff's disciplinary history sheet under the Plaintiff own inept misguided impression introduction that Rule violation 113.24 is not depict thereon which would support the bogus suspicion urinalysis test Defendants used as a spring board to coax Plaintiff from within confines of his cell to justify September 4, 2002 premeditated retaliatory excessive use of force was an erroneous miscarriage of justice use in an abuse of discretionary authority to distort trial evidence against Plaintiff bias affect of prejudice of his substantive due process to a fair trial proceeding. . . .

(8) Whether trial judge failure to recuse herself or issue an order of mistrial was an erroneous miscarriage of justice abuse of discretionary authority denial of the Plaintiff substantive due process right to a fair trial continuously conducting the wholly, rank, swear or unconscionable proceedings of July 28–August 1, 2014 trial the pro se Plaintiff stood absolutely no chance of prevailing at outcome after second or third day of proceedings because of the statement he made to trial judge that was so highly prejudicial and inflammatory of following: "They are abusen thier authority

mam I am a burgular if I go into somebody house and a woman or child is there then one of use has to go."

(9) The Plaintiff were denied his substantive due process to a fair trial proceeding opportunity to confrontation or cross-examination of non-party Defendant John Alves because of clerical mistake oversight or omission of Court Clerk to provide Plaintiff with any notification of . . . issuance of subpoena for records on April 24, 2014 and answer due May 15, 2014. . . .

(10) Whether trial judge erroneous abuse of discretionary authority was so bias to affect of prejudice of the Plaintiff substantive due process to a fair trial proceeding . . . to draw inference of testimony of witnesses Francisco Ramos for 4/20/01 incident and Jonathan Wynn a/k/a Piru Umoja for 9/4/12 and 10/22/02 incidents respectively as being incredible for trivial minuscule reason of having traveled to court in van together and discussed comming to court to provide testimony on behalf of Plaintiff is preposterously absurd decision and warrant remand with instructions.

(11) Whether trial judge decision was a shocking erroneous miscarriage of justice abuse of discretionary authority to draw an inference of holding Plaintiff accountable to bias affect of prejudice of his fundamental fairness for non-party Defendant John Alves disingenuous testimony . . . and relied on Dr. Alves down-played entries of the Plaintiffs injuries to dismiss September 4, 2002 incident for de minimis injuries in light of the fact of the Plaintiff trial testimony with regard to John Alves active participant in deceit and corruption at Southport Correctional Facility.

(12) Whether trial judge dismissal . . . of April 30, 2001 excessive use of force

claims ... against Defendants Angelo Mastrantonio, Hungerford, McIntosh, Mashall, Potter and Murley was against weight of trial testimony and evidence in an erroneous miscarriage of justice abuse of discretionary authority contrary to law of the standards of the malicious and sadistic use of force to cause harm constitute a per se Eighth Amendment of the United States Constitution regardless of whether a significant injury is sustained were bias to affect of prejudice to the Plaintiff substantive due process to adequate trial proceeding.

(13) Whether trial judge dismissal ... of April 18, 2002 excessive use of force claims ... against Defendants Potter, Dinninny and Bubcaz was against weight of trial testimony and evidence was an abuse of discretionary authority in light of Defendants conduct of offering altered video tape to cover-up actual force used on Plaintiff warrant Appellate Court remand for further review.

(14) Whether trial judge dismissal of ... September 4, 2002 excessive use of force claims .... against Defendants Peter Mastrantonio Jr., Banks, Weed, Bennett, and Berg was against the weight of trial testimony and Plaintiffs evidentiary proofs in a shockingly unconscionable erroneous miscarriage of justice abuse of discretionary authority in light of the fact that the Plaintiff was defenseless in mechanical restraints and use of force was simply premeditated unjustified senseless malicious and sadistic act to cause harm to him in retaliation were bias to the affect of prejudice of his substantive due process to adequate trial proceeding....

(15) Whether trial judge dismissal of ... October 22, 2002 excessive use of force claims ... against Defendants Peter Mastrantonio, Jr., Vandergrift, Banks, Davis, Raub and Wetzel was against the weight of trial testimony and Plaintiff's evidentiary proofs in a shockingly unconscionable erroneous miscarriage of justice abuse of discretionary authority in light of the fact that the Plaintiff was defenseless in full mechanical restraint and use of force was simply premeditated unjustified senseless malicious and sadistic act to cause harm to him in retaliation were bias to the affect of prejudice of his substantive due process to adequate trial proceeding....

(Dkt. 448 at 73–79).

 "The standard for determining if an appeal presents a substantial question is whether, when judged on an objective basis, the appeal (1) raises a question that is reasonably debatable and (2) whether the transcript is necessary to the presentation of the appeal." *Abbas v. Senkowski*, No. 9:03–CV–476 (GLS), 2008 WL 5129851, at *1 (N.D.N.Y. Dec. 5, 2008) (citation and quotation omitted). "[C]ourts also take into account ... the cost to the Court of providing the requested transcript." *Eldaghar v. City of New York Dep't of Citywide Admin. Servs.*, No. 02 Civ. 9151, 2009 WL 1730977, at *1 (S.D.N.Y. June 18, 2009).

 The Court finds that Plaintiff has failed to set forth "substantial questions" that warrant preparation of the entire trial transcript as well as the additional transcripts he seeks. *See Liner v. Wright*, 463 F.Supp.2d 365, 366 (W.D.N.Y.2006) (denying in part the plaintiff's request for free trial transcripts); *Abbas*, 2008 WL 5129851, at *1 (denying request for free trial transcripts without prejudice to renew). In addition, the cost of furnishing Plaintiff with free copies of the numerous transcripts he seeks would be overly burdensome, as the trial transcripts alone cover five full days of trial. *Cf. Eldaghar*, 2009 WL 1730977, at *2 (S.D.N.Y. June 18,

2009) ("the cost of furnishing Plaintiff with copies of the transcript is not burdensome to the Court given that the trial was only three days").

For the foregoing reasons, Plaintiff's motion for free transcripts (Dkt. 448) is denied.

SO ORDERED.