FILED
United States Court of Appeals
Tenth Circuit

August 31, 2020

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

DERON McCOY, JR.,

    Plaintiff - Appellant,

v.

TYSON MEYERS; DARRIN
PICKERING; BRICE BURLIE,

    Defendants - Appellees.

No. 19-3197
(D.C. No. 5:12-CV-03160-CM)
(D. Kan.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

DeRon McCoy, Jr., a Kansas prisoner proceeding pro se, appeals from the

district court's judgment in favor of the defendants in his 42 U.S.C. § 1983 civil

rights suit.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

This is the second appeal in Mr. McCoy's § 1983 case.  The underlying facts

are more fully described in the first appeal.  *See McCoy v. Meyers* (*McCoy I*),

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

887 F.3d 1034, 1039-43 (10th Cir. 2018).  In short, the defendants, police officers in Hutchinson, Kansas, applied force in ending a hostage situation and arresting Mr. McCoy:

> The officers brought him to the ground, struck him, and rendered him unconscious with a carotid restraint maneuver.  While he was unconscious, they handcuffed his arms behind his back, zip-tied his legs together, and moved him into a seated position.  As he regained consciousness, the officers resumed striking him and placed him into a second carotid restraint, rendering him unconscious a second time.

*Id.* at 1038.  He sued, alleging that the force was unconstitutionally excessive.  *Id.* at 1043.  *McCoy I* affirmed the grant of qualified immunity to the defendants for the use of force before Mr. McCoy was handcuffed and zip-tied, *see id.* at 1048-49, 1054, but reversed the grant of qualified immunity for force applied during the post-restraint period, *see id.* at 1049-54.

On remand, the district court presided over a four-day jury trial.  Before trial, Mr. McCoy filed an omnibus motion in limine seeking to exclude evidence of his prior convictions, including the numerous convictions arising out of the incident that led to his arrest.  He argued that such evidence "ha[s] little value in impeaching [his testimony]" and "lends an improper basis for the jury to decide against [him] because of his criminal history."  R. Vol. I at 111.  The defendants responded that Fed. R. Evid. 609 allows evidence of prior convictions to impeach a witness's credibility.  The defendants agreed not to use such evidence to argue that Mr. McCoy had a propensity to commit crimes or to attack his character, and they agreed not to introduce evidence of convictions that were older than ten years.  After hearing oral

2

argument on the issue, the district court denied the request to exclude evidence of those prior convictions that occurred within the past ten years. The jury found in favor of the defendants.

Mr. McCoy then filed a Fed. R. Civ. P. 59(a) motion for a new trial. As relevant to this appeal, he argued that the admission of his criminal convictions into evidence was improper and violated his right to a fair trial:

> At nearly every juncture — including during opening statement, during closing argument, and multiple times during the examination of nearly every witness to take the stand, including five law enforcement officers — Defendants highlighted the fact that [Mr. McCoy] has been convicted of numerous serious felonies (including kidnapping, aggravated assault, and drug possession) and is currently incarcerated.

R. Vol. I at 367. He alleged that the evidence was unfairly prejudicial and cumulative. "Put simply, Defendants' focus on [Mr. McCoy's] criminal convictions, rather than the actual events at issue, urged the jury to find for Defendants not because of what transpired in March 2011, but instead because of the life [Mr. McCoy] has led." *Id.* at 368.

The defendants responded that the district court did not abuse its discretion in admitting the evidence, given that it was allowable under Rule 609. "[Mr. McCoy] was convicted of eleven felony counts for his criminal behavior surrounding the events in this case, including solicitation to commit perjury. This makes these convictions highly relevant, and their probative value outweighs their prejudicial effect under Federal Rule of Evidence 403." R. Vol. I at 372. The defendants pointed out that Mr. McCoy called only himself as a witness during his case in chief,

3

making his credibility a central issue. And they asserted that they used the evidence of criminal convictions only to impeach his credibility.

The district court denied the Rule 59(a) motion, finding no unfair prejudice. "[Mr. McCoy's] own testimony was the only evidence offered to support his claims. His credibility was an important issue at trial, and defendants limited their use of his prior convictions to support their assertion that [his] testimony was not credible." *Id.* at 378.

## DISCUSSION

### I. Admission of Evidence

Mr. McCoy first argues that the district court erred in admitting the evidence of his prior convictions. The defendants argue that Mr. McCoy has not provided a record on appeal sufficient to decide this issue because there is no transcript of either the motion hearing or the trial proceedings.

It is the appellant's obligation to "provide all portions of the transcript necessary to give the court a complete and accurate record of the proceedings related to the issues on appeal." 10th Cir. R. 10.2(A)(1). And we cannot fully consider Mr. McCoy's assertions without the transcripts of the motion hearing and the trial. *See McGinnis v. Gustafson*, 978 F.2d 1199, 1200 (10th Cir. 1992) (noting that without a transcript of an oral ruling, "[w]e are . . . left to speculate regarding the precise nature of the district court's reasoning"). "[F]ailure to file the required transcript . . . raises an effective barrier to informed, substantive appellate review. Accordingly, this court has held on a number of occasions and in a variety of settings

4

that the lack of a required transcript leaves us with no alternative but to affirm the affected ruling." *Id.* at 1201.

Mr. McCoy is indigent and proceeds pro se. That does not relieve him of the obligation to provide a transcript, but under 28 U.S.C. § 753(f), an indigent litigant may obtain a copy of a transcript at government expense "if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." He moved the district court for transcripts, but the court found no substantial question. Because the appeal cannot proceed without transcripts, we liberally construe the opening brief as a request for a circuit judge to certify a substantial question for appeal and to order transcripts at government expense.

A "substantial question" is one that is unique, unusual, or reasonably debatable, judged on an objective basis. *See Barnes v. Alves*, 107 F. Supp. 3d 252, 256 (W.D.N.Y. 2015) (reasonably debatable); *Shabazz v. Cole*, 69 F. Supp. 2d 210, 227 (D. Mass. 1999) (reasonably debatable); *Armstrong v. Ashbury*, 57 F.R.D. 139, 140 (W.D. Pa. 1972) (unique, unusual, or reasonably debatable). We review the district court's decision to admit evidence for abuse of discretion.[1] *Gust v. Jones*, 162 F.3d 587, 592, 595 (10th Cir. 1998). Thus, we will not reverse "unless [we have] a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Boughton v. Cotter*

---

[1] If a party does not preserve its objection in the district court, we review for plain error. *See Nat'l Envtl. Serv. Co. v. Ronan Eng'g Co.*, 256 F.3d 995, 1001 (10th Cir. 2001). But we need not consider whether Mr. McCoy preserved any objection to the Rule 609 evidence, given that he does not establish the existence of a substantial question under even the more favorable abuse-of-discretion standard.

5

*Corp.*, 65 F.3d 823, 832 (10th Cir. 1995) (internal quotation marks omitted); *see also Burke v. Regalado*, 935 F.3d 960, 1011 (10th Cir. 2019) ("A district court abuses its discretion when it renders an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." (internal quotation marks omitted)).

This appeal concerns Fed. R. Evid. 609, which establishes the conditions for "attacking a witness's character for truthfulness by evidence of a criminal conviction." Rule 609(a)(1) provides that evidence of a felony conviction "must be admitted, subject to Rule 403, in a civil case."[2] And Rule 609(a)(2) provides that "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving . . . a dishonest act or false statement." Rule 609(b) limits the use of convictions that are older than ten years.

The limited record before us indicates that the district court was satisfied the evidence was admitted to impeach Mr. McCoy's credibility, the purpose of Rule 609. The record also indicates that one of the prior convictions was for solicitation to commit perjury, which satisfies Rule 609(a)(2). *See Burke*, 935 F.3d at 1017 ("Crimes such as perjury or subornation of perjury, false statement, criminal fraud, or embezzlement and those crimes characterized by an element of deceit or deliberate interference with the truth are per se crimes of dishonesty or false statement."

---

[2] Fed. R. Evid. 403 states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

(brackets and internal quotation marks omitted)). As for the other convictions, it appears that the district court conducted a Fed. R. Evid. 403 evaluation as required by Rule 609(a)(1). At the least, in denying a new trial, it indicated that the probative value of the evidence was not substantially outweighed by the prejudice to Mr. McCoy. Obviously Mr. McCoy believes to the contrary. But the materials before us do not cause us to suspect that "the [district] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances," *Boughton*, 65 F.3d at 832 (internal quotation marks omitted), or that its decision was "arbitrary, capricious, whimsical, or manifestly unreasonable," *Burke*, 935 F.3d at 1011 (internal quotation marks omitted). Because Mr. McCoy has not established that his case is unique or unusual, or it is reasonably debatable whether the district court abused its discretion in admitting the evidence of his prior convictions, we shall not order the production of a transcript at government expense under § 753(f).[3]

As stated above, we cannot thoroughly evaluate the admission of evidence without the transcripts of the motions hearing and the trial. Accordingly, the lack of transcripts requires us to affirm the district court's decision. *See McGinnis*, 978 F.2d at 1201; *see also Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000) ("Where the record is insufficient to permit review we must affirm.").

---

[3] As part of his evidentiary argument, Mr. McCoy states, without elaboration, that "the weight of the evidence outweighs the jury verdict." Aplt. Opening Br., Attach. at 5. This bare assertion does not appear to be a separate ground for appeal, but in any event, such a conclusory statement does not establish a substantial question for appeal for purposes of § 753(f).

## II. Appointment of Counsel

The district court denied two motions to appoint counsel before granting Mr. McCoy's third motion. Mr. McCoy argues that the district court did not grant his requests for counsel soon enough, depriving him of the opportunity to conduct discovery and secure an expert witness because the deadlines had passed by the time the district court granted the third motion. The defendants assert that he did not raise this argument before the district court.

Mr. McCoy did not show where he raised this argument in the district court, and we generally do not entertain arguments made for the first time on appeal, *Xyngular v. Schenkel*, 890 F.3d 868, 875 (10th Cir. 2018). We note, however, that after counsel accepted the appointment and entered an appearance for Mr. McCoy, the magistrate judge granted the parties' joint motion to amend the pretrial order to extend the deadlines, exactly as the parties requested, for Fed. R. Civ. P. 26 disclosures, discovery, and pretrial motions. Thus, the record before us fails to support Mr. McCoy's assertion that his counsel was appointed too late to participate in pre-trial proceedings.

## CONCLUSION

Mr. McCoy's motion to proceed without prepayment of fees and costs is granted, and he is reminded of his obligation to continue making partial payments

toward his appellate filing fee until the entire balance is paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2).  The district court's judgment is affirmed.

Entered for the Court

Bobby R. Baldock
Circuit Judge